IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANTHONY SMILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-00201-CV-W-SWH |
| | ) |
| GARY CROSSLEY FORD, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER

On March 3, 2014, plaintiff Anthony Smiley filed suit against defendant Gary Crossley Ford, Inc. The action was brought under the Truth in Lending Act, 15 U.S.C. § 1601, et seq., and its implementing Regulation Z, 12 C.F.R. Part 226. Through this action, plaintiff alleges that defendant failed to clearly and conspicuously disclose the Annual Percentage Rate and Finance Charge in the Retail Installment and Security Agreement plaintiff entered into in connection with plaintiff's purchase of a vehicle from defendant.

On February 10, 2015, defendant filed a Motion for Summary Judgment. Defendant argues that plaintiff's claims in this matter are barred by the doctrines of waiver and release, arising from the settlement of prior litigation between plaintiff and defendant. Alternatively, defendant seeks an entry of partial summary judgment, in that plaintiff's claim for statutory damages is capped at $2,000.00.[1]

---

[1] In his Suggestions in Opposition to Defendant's Motion for Summary Judgment, plaintiff agreed to seek only $2,000 in statutory damages under the Truth in Lending Act in this case. (Doc #11 at 6) Thus, this portion of defendant's motion has been resolved and is, therefore, moot.

# I.    FACTS

While the majority of the facts set forth in defendant's Suggestions in Support of Motion for Summary Judgment are undisputed, plaintiff has set forth additional facts, controverted by defendant, which preclude an entry of summary judgment.

The following undisputed facts were set out by defendant:

1. Plaintiff's claims in this matter arise from Defendant's extension of credit to Plaintiff arising from Plaintiff's purchase of a 2013 Ford Fusion (the "Vehicle") from Defendant on May 11, 2013.[2]

2. To finance his purchase of the Vehicle, Plaintiff entered into a Retail Installment and Security Agreement (the "Contract").

3. On January 2, 2014, Plaintiff filed a Petition in Clay County, Missouri, Small Claims Court (the "Small Claims Petition") requesting $2,500 in damages.

4. Plaintiff's Small Claims Petition alleged that he purchased the Vehicle and signed the Contract under the belief that he would be eligible for the "Trade-In Assistance Program" offered by Defendant.

5. Plaintiff's Small Claims Petition further alleged he was contacted by the company that administered the Trade-In Assistance Program and was told his Vehicle did not qualify for that program as the term of his loan term exceeded 72 months.

6. Plaintiff also alleged in his Small Claims action that the exclusion of his vehicle from the Trade-In Assistance Program was not reflected in his Contract with Defendant.

7. On March 24, 2014, prior to Plaintiff's Small Claims Petition being adjudicated, Plaintiff agreed to mediate the matter with a Court-appointed mediator (the "Mediation").

---

[2]This fact was modified in accord with plaintiff's response.

8. During the mediation, preliminary settlement terms were reached, in which Plaintiff agreed to settle his claims against Defendant if Defendant honored the Trade-In Protection Program regardless of the terms of his loan, and additionally paid Plaintiff's $45 Small Claims Court filing fee.[3]

9. On March 25, 2014, Defendant sent Plaintiff a check for payment of Plaintiff's court costs together with a letter (the "Settlement Letter").[4]

10. The Settlement Letter stated:

> As discussed previously, our dealership is willing to honor the terms of the Complimentary Trade-In Protection Program, under the Terms and Conditions enclosed, regardless of the determination of other third-party institutions regarding your inclusion in the program, in exchange for the release and wavier [sic] of any potential claim by you against us arising from your vehicle purchase of the Complimentary Trade-In Protection Program.

11. The Settlement Letter also stated:

> As previously discussed, we have also enclosed a check in the amount of $45.00. Your acceptance and deposit of this check will be considered verification of your acceptance of this settlement of your claims.

12. Plaintiff signed the settlement check and deposited it into his personal account on May 12, 2014.

(Suggestions in Support of Motion of Defendant for Summary Judgment (doc #10) at 2-4)

---

[3]In support of this fact, defendant cites the Summary of Understanding from the Small Claims Court mediation, which is signed by plaintiff and Robb Denney, legal counsel for Crossley Ford. (Doc #10-4) The terms agreed upon by the parties, set forth in the Summary of Understanding, provide:

> Crossley Ford agrees to honor the trade-in protection purchased by Anthony E. Smiley and will forward a letter to that affect [sic] on their letterhead. The letter will be received by April 14, 2014. Crossley Ford will also provide a copy of the protection plan terms and a check for $45- (forth five dollars).

(Doc #10-4 at 1)

[4]This fact was modified in accord with plaintiff's response.

Plaintiff provided the following additional facts which defendant did not dispute, but argued were immaterial:

> 13. On October 23, 2013, Plaintiff, through his counsel, sent Defendant notice of Plaintiff's Truth in Lending Act claim against Defendant.
>
> 14. Defendant received notice of the claim on or before November 4, 2013, when it responded to Plaintiff's counsel.

(Suggestions in Opposition to Defendant's Motion for Summary Judgment (doc #11) at 2)

The facts set forth by plaintiff, which are controverted by defendant, arise from what was discussed and agreed to at the small claims court mediation. Plaintiff's facts, which are supported by his attached declaration, are as follows:

> 15. During the small claims court mediation, the Truth in Lending Act claim was never discussed.
>
> 16. At no point during the mediation did Plaintiff state that he would release the Truth in Lending Act claim.
>
> 17. At no point during the mediation did Plaintiff state that he would release any claims against Defendant other than those brought in the small claims court suit.

(Suggestions in Opposition to Defendant's Motion for Summary Judgment (doc #11) at 2) Defendant provided affidavits from Robb Denney and Todd Crossley to controvert plaintiff's facts. The Affidavit of Robb Denney provides in part:

> 1. I was counsel for Gary Crossley Ford, Inc., in the action of *Anthony E. Smiley v. Gary Crossley Ford, Inc.*, Clay County Circuit Court Case No. 14CY-CV00061 (the "Small Claims Action"), and I was present at the mediation conducted in that proceeding on March 24, 2014, as the representative for that company.
>
> 2. While my office had received a demand letter from attorney Anthony LaCroix over five months earlier regarding a threatened claim under the Truth-In-Lending Act, I believed that either Mr. Smiley or Mr. LaCroix had elected not to pursue that claim, given that Mr. Smiley subsequently brought his small

4

claims action several months later without legal counsel and nothing further was heard from Mr. LaCroix following my firm's response to his demand letter.

       3.     During my conversations with Mr. Smiley with regard to Smiley's small claims action, he never stated nor indicated that he was represented by Mr. LaCroix or other legal counsel, nor did Mr. Smiley indicate that either he or Mr. LaCroix were preparing to file any action with regard to the previously-threatened Truth-In-Lending Act claim.

       4.     Despite my belief that Mr. Smiley or his attorney had decided not to pursue the TILA claim, I remained concerned that Mr. Smiley was litigious and that he might attempt to bring some other claim against Gary Crossley Ford in the future. Therefore, during the mediation, I stated that Gary Crossley Ford was seeking to resolve <u>all</u> claims arising out [of] Mr. Smiley's purchase of his motor vehicle and did not want there to be any more problems between Mr. Smiley and the dealership in the future. Mr. Smiley did not indicate in any way that he thought there were other claims he intended to preserve for the future.

       5.     After settlement was reached at mediation, Gary Crossley Ford provided the consideration and performed as promised in its mediated settlement with Mr. Smiley prior to April 14, 2014, and the matter was dismissed by the Court on April 21, 2014.

(Doc #12-1 at 1-2)   The Affidavit of Todd Crossley provides:

       1.     I am the President of Gary Crossley Ford, Inc., and on March 25, 2014, I sent a letter … to Anthony Smiley confirming the settlement reached with Mr. Smiley as the result of a small claims action he brought against Gary Crossley Ford. …

       2.     My March 25, 2014, letter to Mr. Smiley contains a typographical error in the sentence discussing the release and waiver of claims "arising from your vehicle purchase *of* the Complimentary Trade-In Protection Program." I meant to use the work "or," rather than "of," such that I intended that sentence to say "arising from your vehicle purchase *or* the Complimentary Trade-In Protection Program."

       3.     It was my understanding of the settlement reached with Mr. Smiley that he was settling all claims arising out of his vehicle purchase, not just his claim related to the Trade-In Protection Program.

(Doc #12-2 at 1)

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is granted when the pleadings and evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to show the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The nonmoving party may not rest upon allegations or general denials, but must come forward with specific facts to prove that a genuine issue for trial exists. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The Court must review the facts in the light most favorable to the party opposing the motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. See Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

With these standards in mind, the court finds that there is evidence which creates a genuine issue of material fact for trial. Defendant contends that "Plaintiff has already brought suit against this Defendant [in Small Claims Court] and settled both the claims in that action and any other claims he could have asserted against this Defendant,"[5] while plaintiff contends that the settlement only covered the claim that he brought in the small claims suit. Viewing the facts in the light most favorable to plaintiff, it appears that plaintiff only settled the claim that he brought in the small claims suit, that is the exclusion of his vehicle from the Trade-In Assistance Program. There was no settlement of all other potential claims arising from plaintiff's vehicle purchase. The factual dispute as to what took place at the mediation of the small claims action and what claims were actually settled precludes an entry of summary judgment for defendant on plaintiff's claim under the Truth in Lending Act.

---

[5](Suggestions in Support of Motion of Defendant for Summary Judgment (doc #10) at 5)

Case 4:14-cv-00201-SWH   Document 13   Filed 04/07/15   Page 6 of 7

Based on the foregoing, it is

ORDERED that the Motion of Defendant for Summary Judgment (doc #9) is denied to the extent it seeks summary judgment based on an alleged settlement and release of plaintiff's claims. The alternative relief requested in the motion is moot in that plaintiff has agreed to limit the amount of damages sought.

                                                         */s/ Sarah W. Hays*
                                                        SARAH W. HAYS
                            UNITED STATES MAGISTRATE JUDGE

7

Case 4:14-cv-00201-SWH   Document 13   Filed 04/07/15   Page 7 of 7