IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY SMILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-00201-CV-W-SWH |
| | ) | |
| GARY CROSSLEY FORD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On March 3, 2014, plaintiff Anthony Smiley filed suit against defendant Gary Crossley Ford, Inc. The action was brought under the Truth in Lending Act, 15 U.S.C. § 1601, et seq., and its implementing regulation, Regulation Z, 12 C.F.R. Part 226. Plaintiff's complaint alleges that defendant failed to clearly and conspicuously disclose the annual percentage rate and finance charge in the Retail Installment and Security Agreement plaintiff entered into in connection with plaintiff's purchase of a vehicle from defendant.

The Truth in Lending Act (hereafter "TILA") requires that the "'annual percentage rate' and 'finance charge' shall be disclosed more conspicuously than other terms, data, or information provided in connection with a transaction . . . ." 15 U.S.C. § 1632. The purpose of the TILA requirements is to "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a).

A jury trial commenced on December 2, 2015, and concluded the next day. At the close of

evidence plaintiff moved for judgment as a matter of law. This Court did not rule on the motion but instead took the matter with the case. The jury returned a verdict in favor of the defendant. Pending before the Court is plaintiff's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial. (Doc. #72) For the reasons set forth below, the motion is denied.

## I. Preliminary Matters

As a preliminary matter, this Court notes that plaintiff, as the moving party, has failed to file a trial transcript. Several of the issues raised by plaintiff are based upon a claim that there was insufficient evidence to support the jury's verdict. These issues normally require a review of the trial transcript. Where none is supplied the court is left to decide the matter based on memory or by scouring its notes or other unofficial recordings of the proceedings. As the court in Martinez v. Valdez, 125 F. Supp. 3d 1190 (D. Colo. 2015) found:

> It is not sufficient for counsel to present such a motion relying entirely on counsel's recollections and characterizations of the testimony, rather than by means of specific citations to and quotations from the trial record; such recollections and characterizations are often mistaken about the precise content of the testimony, skewed, conflated with statements made by witnesses outside of trial, or otherwise unreliable in a host of ways. Moreover, the failure to supply a transcript prevents a party from specifically citing the Court to the particular location in the record where the evidence may be found; general references to "witnesses testified that..." or even "witness X testified that..."require the Court to canvass the record and speculate about which particular statements by a witness the party is relying upon. This improperly requires the Court to adopt the role of advocate.

Martinez v. Valdez, 125 F. Supp. 3d 1190, 1196-97 (D. Colo. 2015) (appeal pending) (footnotes omitted). The Court in Martinez found that the failure to file a transcript was a sufficient basis to deny a motion for new trial, but nevertheless ruled on the motion by utilizing an unofficial rough transcript prepared by the court reporter during the trial. In the instant case, there is no unofficial rough transcript of the proceedings. The trial, however, was recorded and the Court has access to

2

those audio recordings. Where a matter is sufficiently concrete and does not require the Court to play hours of recording searching for the relevant information, the Court has done so and it has been noted below.

Additionally, defendant argues that this Court should strike plaintiff's motion for noncompliance with Western District Rule 7.0. Defendant cites two reasons why the motion should be struck. First, defendant argues that the motion violated Rule 7.0(c) in that the suggestions in support of the motion were not filed as a separate document. Second, defendant argues that the plaintiff violated the 15-page length limitation found in Rule 7.0(f). Plaintiff's brief was 18 pages in length. Plaintiff admits that he violated the local rules but contends that it was a mistake and has offered to file a re-formatted motion if the Court so desires. While plaintiff's brief violated Rule 7.0, this Court finds that the violation was not so egregious as to warrant that his motion be struck. Counsel, however, is reminded to review local rules prior to filing pleadings in this Court.

## II. Motion for Judgment as a Matter of Law

### A. *Legal Standard*

Pursuant to Rule 50(a), a party may move for judgment as a matter of law where, based on the evidence presented to the jury, there is not a "legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a)(1). A court ruling on a motion for judgment as a matter of law, or upon a renewed motion for a judgment as a matter of law, must

> (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.

3

Case 4:14-cv-00201-SWH   Document 77   Filed 04/25/16   Page 3 of 12

Stults v. Am. Pop Corn Co., 815 F.3d 409, 418 (8th Cir. 2016) (quoting Jones v. Edwards, 770 F.2d 739, 740 (8th Cir.1985)). The Eighth Circuit has repeatedly stated that "[j]udgment as a matter of law is appropriate only when the record contains 'no proof beyond speculation to support the verdict." American Bank of St. Paul v. TD Bank, N.A., 713 F.3d 455 (8th Cir. 2013) (citing Wilson v. Brinker Int'l, Inc., 382 F.3d 765 (8th Cir. 2004) (additional citations omitted).

   *B. Plaintiff's TILA Claim*

Plaintiff first argues that judgment as a matter of law should be entered because the jury's note indicates that the jury determined that plaintiff had made its case on the TILA claim and was considering whether such claim was waived. Plaintiff's assertion, however, is pure speculation as to what occurred in the jury room. The jury gave no indication as to whether they found plaintiff had succeeded in his TILA claim. Furthermore, the jury instructions did not require the jury to first find a TILA violation before they moved onto Instruction 15.

Alternately, Plaintiff argues that this Court can still find that the jury did not have a legally sufficient evidentiary basis to find in defendant's favor. The only support given for his argument is plaintiff's assertion that the retail installment contract was not legible. This Court previously found that summary judgment could not be entered on this very issue because a question of fact remained. (Doc. #13) Stated another way, the terms were not "so obviously clearly and conspicuously made[,]" nor were the terms "so obviously clearly and conspicuously made" so as to enable this Court to rule as a matter of law on the issue. See Andrucci v. Gimbel Bros., 365 F. Supp. 1240, 1244 (W.D. Pa. 1973) (discussing the appropriateness of the court determining whether disclosures were clear and conspicuous). Therefore, the question was presented to the jury.

4

At trial, plaintiff had the burden to show that the retail installment contract violated the terms of TILA. The sole piece of evidence needed to make such a determination – plaintiff's copy of the retail installment contract-- was entered into evidence. (Pl. Ex. 1) Whether a TILA violation occurred is an objective inquiry. Rand Corp. v. Yer Song Moua, 559 F.3d 842, 845 (8th Cir. 2009). Therefore, testimonial evidence is not required and the jury need only consider the document itself. The jury returned a verdict in favor of the defendant. A jury's verdict should remain intact unless there is a "complete absence" of evidence supporting the decision. Heaton v. The Weitz Co., 534 F.3d 882, 887 (8th Cir. 2008). Viewing the facts in the light most favorable to the non-movant and giving the non-moving party the benefit of all reasonable inferences, this Court does not find that there was a complete absence of evidence to support the jury's finding.

### C. Defendant's Defense of Waiver and Release

Finally, plaintiff argues that there was not a sufficient evidentiary basis to find for the defendant on the issue of waiver and release. More specifically, plaintiff argues that the attorney representing defendant in the mediation did not testify that he made an offer to settle all of plaintiff's claims or that plaintiff accepted the offer. Plaintiff further argues that the letter written by Todd Crossley is not legally sufficient because Mr. Crossley was not present at the mediation and was not probative of what the parties agreed to at mediation.

As discussed above, plaintiff's argument is normally one that requires reference to the transcript of proceedings. Since none was provided, this Court has reviewed its own notes from trial to determine what occurred. At trial evidence was presented that Mr. Smiley previously filed suit against Gary Crossley Ford in small claims court regarding issues with his enrollment in the trade in protection program. On March 24, 2014, Mr. Smiley and Robb Denney, counsel for Gary

5

Crossley Ford, Inc., met with a mediator. At the conclusion of the mediation, the mediator prepared a Summary of Understanding which indicated that Crossley Ford would honor the trade-in protection purchased by Mr. Smiley and that a letter to that effect would be sent to Mr. Smiley, along with a copy of the protection plan terms and a check in the amount of $45. The Summary of Understanding then indicated that "[t]he parties agree to the terms are binding and enforceable, and request a continuance in order to complete the terms of the settlement . . . ."

A settlement agreement is "construed using ordinary rules of contract construction." State ex rel. Riverside Pipeline Co., L.P. v. Pub. Serv. Comm'n of State, 215 S.W.3d 76, 84 (Mo. 2007). The parole evidence rule bars the introduction of extrinsic evidence if the agreement is completely integrated. State ex rel. Missouri Highway & Transp. Comm'n v. Maryville Land P'ship, 62 S.W.3d 485, 489 (Mo. Ct. App. 2001). In determining whether an agreement is integrated, Missouri courts look solely to the document itself and do not consider extrinsic evidence. Kenney v. Vansittert, 277 S.W.3d 713, 720 (Mo. Ct. App. 2008).

The document in the instant case is entitled "Summary of Understanding." There is no indication that it is an integrated agreement. See Rosenfeld v. Boniske, 445 S.W.3d 81, 88 (Mo. Ct. App. 2014) (discussing the importance of a merger or integration clause which demonstrates the intent of the parties with regard to integration). In fact, the summary is a short form in which a small paragraph is devoted to the terms of the agreement. It therefore appears that the settlement agreement was not a completely integrated document and therefore extrinsic evidence was admissible to show consistent additional terms. See State ex rel. Missouri Highway & Transp. Comm'n, 62 S.W.3d at 491 (finding no error in the admission of extrinsic evidence to show the parties' assumptions in negotiating an agreement).

6

Importantly neither party sought to exclude parole evidence. In fact both parties elicited testimony regarding what occurred at the settlement conference, including testimony about the parties' intent as well as additional terms discussed but not necessarily incorporated into the Summary of Understanding.

The Court reviewed the audio recording of Mr. Crossley's testimony which reveals that Mr. Crossley learned of the results of mediation the day the mediation occurred and he dictated the letter the next day. The office manager then put the letter together and Mr. Crossley signed the letter. There was no testimony indicating that he attempted to insert additional terms into the settlement agreement. The Court further listened to the testimony of Mr. Denny. Mr. Denny's understanding of the outcome of mediation was that, among other things, Mr. Smiley agreed to waive all future claims against the dealership. At the mediation Mr. Denny expressed that the dealership wanted Mr. Smiley to be satisfied, did not want any more claims, and wanted to end litigation between the parties. Neither Mr. Denny nor Gary Crossley Ford were aware that the TILA lawsuit was forthcoming. Mr. Smiley testified that he informed the mediator of the TILA action but did not say anything to Mr. Denny regarding the TILA claim. Mr. Smiley, on the other hand, believed that the offer to settle the matter did not include an offer to settle the TILA claim and he had no intent to settle such. The evidence, however, taken in the light most favorable to the nonmoving party was sufficient to establish that the settlement waived all future claims, including the TILA claim.

Plaintiff's argument that the letter sent by Crossley pursuant to the settlement agreement could not form the basis for finding waiver of his TILA claim ignores the testimony that occurred at trial regarding the intent of the parties during settlement negotiations. While plaintiff views the

Crossley letter as an attempt to modify an existing contract, the testimony and argument at trial clearly indicates that the Crossley letter was evidence of defendant's understanding of what occurred at the settlement conference.

Therefore, because this Court resolves all direct factual conflicts in favor of the nonmoving party, assumes as true those facts that support the nonmoving party, and gives the benefit of reasonable inferences to the nonmoving party, this Court finds that plaintiff has failed to show that he is entitled to judgment as a matter of law.

### III. Motion for New Trial

Plaintiff next asserts several reasons why he should be granted a new trial under Rule 59(a). Pursuant to Rule 59(a), a new trial may be granted "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed.R.Civ.P 59(a)(1)(A). Rule 59(a) is designed to avoid a miscarriage of justice. Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). The Federal Rules of Civil Procedure further require that "legal errors must adversely and substantially impact the moving party's substantial rights to warrant relief." McCabe v. Mais, 602 F. Supp. 2d 1025, 1029 (N.D. Iowa 2008) (citing Fed.R.Civ.P. 61).

*A. Sufficiency of Evidence*

Plaintiff's sole contention regarding the sufficiency of the evidence is that the weight of the evidence went against the defendant with regard to whether plaintiff's TILA cause of action was waived pursuant to the settlement in the small claims case. The Eighth Circuit has found that "[a] motion for new trial based on sufficiency of the evidence should be granted only if the jury's verdict was against the great weight of the evidence, so as to constitute a miscarriage of justice." EFCO Corp. v. Symons Corp., 219 F.3d 734, 739 (8th Cir.2000). The evidence must be viewed

8

in the light most favorable to the jury verdict. Inacom Corp. v. Sears, Roebuck & Co., 254 F.3d 683, 689 (8th Cir.2001). The burden is on the moving party to show that a new trial is warranted. Kehm v. Proctor & Gamble Company, 580 F.Supp. 890, 896 (N.D.Iowa 1982).

As discussed earlier, there was sufficient evidence to support a jury verdict on waiver and release of plaintiff's TILA claim. Therefore, plaintiff is not entitled to a new trial based on the sufficiency of the evidence.

*B. Court's Response to Jury Question*

Plaintiff argues that this Court improperly responded to a question posed by the jury. During jury deliberations the jury sent the following question to the Court: "Per the second statement on instruction 15[,] does the letter – defendant exhibit 103- count as part of the mediation offer[?]" (Ex. #69) After discussion with counsel, the Court provided the following response: "As the trier of the facts, it is up to the jury to determine what was part of the mediation offer." (Ex. #69) Plaintiff argues that this Court's response was improper because the jury asked a simple yes or no question. In plaintiff's view, this Court should have responded by stating "no." Plaintiff, however, concedes that the Court's response was an accurate statement of the law.

A review of the audio recordings reveals that in response to the Court's proposed response, plaintiff argued that the settlement agreement was encapsulated in the Summary of Understanding and that the terms as stated in the Crossley letter were not part of the terms of that settlement. At that point, the Court pointed out that the plaintiff's argument was based on their interpretation of the facts and requested that the plaintiff propose an answer to the jury's question. Plaintiff responded by stating that the answer should be "no." As discussed above, the letter, which plaintiff stipulated to its admissibility (Doc. #63), was utilized to show defendant's understanding

9

of the outcome of mediation.

Although plaintiff continues to view the letter as an attempt to modify the settlement agreement, there was no testimony to that effect. The Court's answer was consistent with how the evidence was presented at trial and was an accurate statement of the law. Therefore, the Court's answer to the jury's question was not in error.

*C. Evidence of Annual Percentage Rate and Finance Charge*

Next plaintiff argues that the defendant was permitted to introduce evidence, over repeated objects, that plaintiff was provided the annual percentage rate and finance charge at the time of the vehicle purchase. Plaintiff argues that under TILA, whether the purchaser was informed of the annual percentage rate or the finance charge is irrelevant; those terms must be clear and conspicuous on the purchaser's retail installment contract. Plaintiff does not specify the testimonial or documentary evidence that was admitted in error. Instead, he merely states that there was substantial testimonial and documentary evidence that the plaintiff was shown the TILA terms during the vehicle purchase. This Court will not scour the record looking for testimonial or documentary evidence to support plaintiff's contention.

Regardless, plaintiff stipulated to the admission of all exhibits. Thus, he has waived any objections to the documentary evidence. Additionally, the jury instructions accurately guided the jury in focusing on the plaintiff's retail installment contract in determining whether the terms were clear and conspicuous. See Harrison v. Purdy Bros. Trucking Co., 312 F.3d 346, 352 (8th Cir. 2002) (finding that a presumption exists that the jury obey instructions given to them). Therefore, this Court finds no error in the admission of testimonial or documentary evidence regarding TILA disclosures other than those found in the plaintiff's retail installment contract.

10

### D. White Noise

Plaintiff further argues that he was prejudiced by the court's refusal to play a white noise while his attorney was making objections about the admissibility of evidence and thus the jury was allowed to hear inadmissible evidence. In support of this argument, plaintiff cites Rule 103(d) of the Federal Rules of Evidence which requires that "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103. Plaintiff has failed to indicate what inadmissible evidence was suggested to the jury. To the extent that plaintiff argues that his objections to the admissibility of evidence were tantamount to "inadmissible evidence," that point is denied. The jury was instructed that "[l]awyers' statements, arguments, questions and comments are not evidence." (Doc. #68, Instruction #2) Therefore, this Court finds no error.

### E. Closing Arguments

Finally, plaintiff argues that in closing argument defense counsel misrepresented the nature of the attorney-client relationship in an attempt to cast the plaintiff in a negative light. A motion for a new trial based on statements made in closing arguments "should be granted only if the statements are 'plainly unwarranted and clearly injurious' and 'cause [ ] prejudice to the opposing party and unfairly influence[ ] a jury's verdict.'" Harrison v. Purdy Bros. Trucking Co., 312 F.3d 346, 351 (8th Cir. 2002) (quoting *Alholm v. Am. Steamship Co.,* 144 F.3d 1172, 1181 (8th Cir.1998). In the instant case, plaintiff's complaint focuses on defense counsel's argument that "being represented by counsel is 'like being pregnant," in that 'you either are or you aren't.'" (Doc. #19 at 17) Even if this statement was in error, which this Court does not believe to be the case, the statement was not of such a magnitude that a new trial is warranted.

11

Based on the foregoing, it is

ORDERED that Plaintiff's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, For a New Trial (Doc. #72) is DENIED.

                                                   */s/ Sarah W. Hays*
                                                   SARAH W. HAYS
                                      UNITED STATES MAGISTRATE JUDGE